*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

CENTRAL HOME HEALTH CARE SERVICES, INC.,

      Plaintiff-Appellee,

v

HOME-OWNERS INSURANCE COMPANY,

      Defendant-Appellant.

UNPUBLISHED
June 27, 2024

No. 363777
Oakland Circuit Court
LC No. 2021-190275-NF

---

CENTRAL HOME HEALTH CARE SERVICES, INC.,

      Plaintiff-Appellee,

v

PROGRESSIVE MARATHON INSURANCE COMPANY,

      Defendant-Appellant.

No. 364422
Oakland Circuit Court
LC No. 2021-191754-NF;

---

CENTRAL HOME HEALTH CARE SERVICES INC.,

      Plaintiff-Appellee,

v

PROGRESSIVE MARATHON INSURANCE COMPANY,

      Defendant-Appellant.

No. 364870
Oakland Circuit Court
LC No. 2022-192783-NF

---

-1-

CENTRAL HOME HEALTH CARE SERVICES,
INC.,

       Plaintiff-Appellee,

v

AUTO-OWNERS INSURANCE COMPANY,

       Defendant,

and

HOME-OWNERS INSURANCE COMPANY,

       Defendant-Appellant.

No.  365437
Washtenaw Circuit Court
LC No.  22-000514-NF

---

CENTRAL HOME HEALTH CARE SERVICES,
INC.,

       Plaintiff-Appellee,

v

AUTO-OWNERS INSURANCE COMPANY,

       Defendant-Appellant,

and

HOME-OWNERS INSURANCE COMPANY,

       Defendant.

No.  366216
Washtenaw Circuit Court
LC No.  22-000911-NF

---

CENTRAL HOME HEALTH CARE SERVICES,
INC.,

       Plaintiff-Appellee,

v

ESURANCE INSURANCE COMPANY,

No.  366937
Washtenaw Circuit Court
LC No.  22-001470-NF

Defendant-Appellant,

and

USAA CASUALTY INSURANCE COMPANY,

Defendant.

_____

Before: YATES, P.J., and BORRELLO and GARRETT, JJ.

PER CURIAM.

In these consolidated appeals,[1] defendants (collectively, the insurers) present an issue under the no-fault act, MCL 500.3101 *et seq*., that this Court recently resolved in a published opinion in *Central Home Health Care Servs, Inc v Progressive Mich Ins Co*, ___ Mich App ___; ___ NW3d ___ (2024) (Docket No. 364653). Specifically, the insurers challenge various trial courts' rejection of the insurers' position that MCL 500.3157(2)(a) governs the recovery of plaintiff, Central Home Health Care Services, Inc. (CHHCS), for in-home health care services provided to the insureds of the insurers. Consistent with this Court's recent opinion in *Central Home Health Care*, ___ Mich App ___, we conclude that the trial courts erred, so we reverse and remand the various judgments against the insurers in all the cases before us.

I. FACTUAL BACKGROUND

CHHCS provided treatment to people who purportedly sustained accidental bodily injuries under circumstances that made them eligible for personal protection insurance (PIP) benefits. The in-home physical therapy and skilled nursing services were rendered by CHHCS between July 1, 2021 and July 2, 2022. If the services provided by CHHCS were submitted to the federal Medicare program for payment, those services would be reimbursed through a prospective payment system, rather than a standardized fee schedule.

_____

[1] Docket Nos. 363777, 364422, and 364870 were initially consolidated on April 19, 2023. *Central Home Health Care Servs v Home Owners Ins Co*, unpublished order of the Court of Appeals, entered April 19, 2023 (Docket No. 363777); *Central Home Health Care Servs v Progressive Marathon Ins Co*, unpublished order of the Court of Appeals, entered April 19, 2023 (Docket No. 364422). Docket Nos. 365437, 366216, and 366937 were added to the consolidated appeals when the applications for those cases were granted on October 6, 2023. *Central Home Health Care Servs v Auto Owners Ins Co*, unpublished order of the Court of Appeals, entered October 6, 2023 (Docket No. 365437); *Central Home Health Care Servs v Auto-Owners Ins Co*, unpublished order of the Court of Appeals, entered October 6, 2023 (Docket No. 366216); *Central Home Health Care Servs v Esurance Ins Co*, unpublished order of the Court of Appeals, entered October 6, 2023 (Docket No. 366937).

In the trial courts, all of the insurers moved for partial summary disposition with respect to the portions of CHHCS's charges that exceeded the payment cap in MCL 500.3157(2)(a). CHHCS responded that its payments were governed by MCL 500.3157(7)(a)(*i*). The trial courts that issued rulings in these consolidated cases agreed with CHHCS and denied the insurers' motions for partial summary disposition under MCR 2.116(C)(10). The insurers appealed, and while the consolidated cases were in the briefing process, this Court issued the published opinion in *Central Home Health Care*, ___ Mich App ___, that bears on the outcome in all the consolidated appeals. Thus, we now must consider the parties' arguments in light of recent, binding precedent.

## II. LEGAL ANALYSIS

The various trial courts that resolved these consolidated cases denied the insurers' motions for partial summary disposition under MCR 2.116(C)(10). We review a trial court's decision on a summary disposition motion de novo. *Andary v USAA Cas Ins Co*, 512 Mich 207, 230; 1 NW3d 186 (2023). A motion under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). Such a motion should be granted when, considering all the evidence proffered by the parties in the light most favorable to the nonmoving party, "there is no genuine issue of material fact." *Id*. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks and citation omitted). We review questions of statutory interpretation de novo as legal issues. *Sherman v St Joseph*, 332 Mich App 626, 632; 957 NW2d 838 (2020).

In considering the motions for partial summary disposition in these consolidated cases, we must begin with the relevant language of the governing statute, MCL 500.3157, which states:

> (2) Subject to subsections (3) to (14), a physician, hospital, clinic, or other person that renders treatment or rehabilitative occupational training to an injured person for an accidental bodily injury covered by personal protection insurance is not eligible for payment or reimbursement under this chapter for more than the following:

> (a) For treatment or training rendered after July 1, 2021 and before July 2, 2022, 200% of the amount payable to the person for the treatment or training under Medicare.

> \* \* \*

> (7) If Medicare does not provide an amount payable for a treatment or rehabilitative occupational training under subsection (2), (3), (5), or (6), the physician, hospital, clinic, or other person that renders the treatment or training is not eligible for payment or reimbursement under this chapter of more than the following, as applicable:

> (a) For a person to which subsection (2) applies, the applicable following percentage of the amount payable for the treatment or training under the person's charge description master in effect on January 1, 2019 or, if the person did not have

-4-

a charge description master on that date, the applicable following percentage of the average amount the person charged for the treatment on January 1, 2019:

> (*i*) For treatment or training rendered after July 1, 2021 and before July 2, 2022, 55%.

> \* \* \*

> (15) As used in this section:

> (f) "Medicare" means fee for service payments under part A, B, or D of the federal Medicare program established under subchapter XVIII of the social security act, 42 USC 1395 to 1395lll, without regard to the limitations unrelated to the rates in the fee schedule such as limitation or supplemental payments related to utilization, readmissions, recaptures, bad debt adjustments, or sequestration.

The insurers insist that the outcome in the consolidated cases is dictated by MCL 500.3157(2)(a), whereas CHHCS asserts that MCL 500.3157(7)(a)(*i*) controls the outcome.

This Court recently resolved that precise dispute in *Central Home Health Care*, ___ Mich App ___. Construing the relevant language of MCL 500.3157, this Court determined that whether reimbursement is governed by MCL 500.3157(2) or (7) turns entirely on whether Medicare covers the service at issue. *Id.* at ___; slip op at 4. Focusing on the definition of "Medicare" set forth in MCL 500.3157(15)(f), this Court explained:

> The first clause of this definition specifically directs our attention to the federal statutes defining the Medicare program. Pursuant to 42 USC 1395c, Medicare Part A is an "insurance program" that "provides basic protection against the costs of hospital, related post-hospital, home health services, and hospice care in accordance with this part" for eligible individuals as defined under the Social Security Act, 42 USC 301 *et seq*. Medicare Part B is "a voluntary insurance program to provide medical insurance benefits in accordance with the provisions of this part for aged and disabled individuals who elect to enroll under such program, to be financed from premium payments by enrollees together with contributions from funds appropriated by the Federal Government." 42 USC 1395j. Medicare Part D provides qualified prescription drug coverage for eligible individuals. 42 USC 1395w-101(a)(1). Both Part A and Part B indicate that the insurance program benefits entitle the covered individual to "payment" to the individual or on the individual's behalf for certain medical services, including certain home health services. 42 USC 1395d(a); 42 USC 1395k(a).

> Considering the description of Medicare provided by the relevant federal statutes, it is apparent that Medicare provides "fee for service payments" as contemplated by MCL 500.3157(15)(f). Accordingly, the first clause of the definition of Medicare in MCL 500.3157(15)(f) simply states the obvious: the

Legislature's use of the term "Medicare" in MCL 500.3157 means Parts A, B, and D of the federal Medicare program, which provides fee-for-service-payment coverage, akin to insurance coverage, for certain medical expenses for eligible individuals. The second clause of MCL 500.3157(15)(f) instructs that certain other adjustments may be made under Medicare for purposes of administering the Medicare program but those adjustments are not related to the actual reimbursement rates and therefore, are not to be considered for purposes of Michigan's no-fault act. [*Central Home Health Care*, ___ Mich App at ___; slip op at 5.]

This Court was unpersuaded by the plaintiff's theory that only payments made according to a fee schedule fall within the scope of "Medicare" as defined by subsection (15)(f) because "the simple question to answer in determining whether MCL 500.3157(2) or MCL 500.3157(7) applies is whether Medicare covers the service at issue." *Id*. at ___; slip op at 6. According to this Court, the method for calculating the amount Medicare would pay, whether by reference to a fee schedule or through the use of a prospective payment system, is irrelevant. *Id*.

In each of the consolidated cases, the services provided by CHHCS to the insurers' insureds were covered by Medicare's prospective payment system. All the services at issue were provided between July 1, 2021, and July 2, 2022, so CHHCS's reimbursement is restricted to 200% of the amount payable under Medicare pursuant to MCL 500.3157(2)(a). Accordingly, we must reverse every order denying the insurers' motions for partial summary disposition and remand for further proceedings. In doing so, however, we must note, as we stated in *Central Home Health Care*, that the insurers' entitlement to partial summary disposition is confined to the determination that MCL 500.3157(2)(a) governs all the consolidated cases. To the extent that the insurers ask for judgments or declarations limiting CHHCS's recovery to a specified amount, the parties presented conflicting evidence about the amounts payable by Medicare with regard to CHHCS's claims, thereby creating genuine issues of material fact that preclude a dispositive ruling concerning the amounts CHHCS may recover under MCL 500.3157(2)(a). Consequently, "[o]n remand, the parties are free to argue their positions regarding the amount that represents 200% of the amount Medicare would pay for purposes of MCL 500.3157(2)(a)." *Central Home Health Care*, ___ Mich App at ___; slip op 6.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

/s/ Christopher P. Yates
/s/ Stephen L. Borrello
/s/ Kristina Robinson Garrett